ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiff
JIMMIE BROOKS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE R. BROOKS, <br><br> Plaintiff, <br><br> vs. <br><br> LEON'S QUALITY ADJUSTERS, INC., TONY RODRIGUEZ, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No: 1:15-AT-00518 <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **(3) CONVERSION** |

COMPLAINT

Plaintiff Jimmie Brooks hereby complains against defendants Leon's Quality Adjusters, Inc., Tony Rodriguez, and Does 1-10, and alleges on information and belief as follows:

## OPERATIVE FACTS

1. Plaintiff purchased an automobile on credit, which was financed by Gateway One Lending & Finance. Gateway took a security interest in the vehicle, which was collateral for the loan. Gateway alleged that plaintiff was in default on his agreement, and hired Leon's Quality Adjusters (or a repossession forwarder who hired Leon's Quality Adjusters) to repossess plaintiff's vehicle.

2. Defendant Tony Rodriguez, an employee of Leon's Quality Adjusters, repossessed plaintiff's vehicle by entering the parking lot at plaintiff's workplace, which was secured and gated, without permission. Rodriguez breached the gate and drove into the lot, while being chased by security guards. Before the security guards could reach him, he hooked up plaintiff's vehicle and fled the lot at high speed. Accordingly, defendants breached the peace in the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

3. Defendant Tony Rodriguez was not a licensed repossession employee with the Bureau of Security and Investigative Services, of the Department of Consumer Affairs. His repossession of the vehicle was a crime. Bus. & Prof. Code §§ 7502 and 7502.1(a).

4. Plaintiff followed Rodriguez out of the parking lot and caught up with him on the street. Plaintiff had a right to collect his personal possessions in the vehicle, under the Collateral Recovery Act. Rodriguez refused to permit plaintiff to remove his personal property and medication from the car, unless plaintiff handed over the keys to the vehicle. Needing his medication, plaintiff turned over the key. Defendants thereby committed the crime of extortion.

5. Defendants damaged plaintiff's vehicle during the violent and illegal

repossession. Plaintiff is informed and believes that defendants then submitted a false and misleading claim on plaintiff's auto insurance policy, pretending that plaintiff had caused the damage for which defendants were responsible.

6. As a result of defendants' illegal repossession in breach of the peace, plaintiff lost his vehicle permanently.

**JURISDICTION AND VENUE**

7. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction in this district.

**PARTIES**

9. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

10. Defendant Leon's Quality Adjusters, Inc. is a California corporation.

11. Defendant Tony Rodriguez is an individual over the age of 18 years.

12. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

13. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and

scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff.

### FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

14. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.  Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

16. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

17. Defendants had no present right to repossess plaintiff's vehicle from a secured area without permission, but did so in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

18. Defendants had no present right to repossess plaintiff's vehicle because the tow truck driver, defendant Tony Rodriguez, was unlicensed by the Department of Consumer Affairs.

19. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

20. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory

damages award available.

21. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### SECOND CAUSE OF ACTION
**(Against all Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

22. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

24. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

25. The defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

26. Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendants committed misdemeanors by violating Bus. & Prof. Code §§ 7502, 7502.1(a), and 7508.2(d). Defendants also

committed extortion in violation of Penal Code §§ 518-520. Plaintiff is also informed and believes that defendants committed criminal insurance fraud by submitting a false insurance claim. As a result, plaintiff suffered damage, including losing his vehicle permanently.

27. Defendants violated Civil Code § 1788.10(a) by using physical force to cause damage to plaintiff's vehicle.

28. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which was to harass, oppress, or abuse plaintiff in connection with the collection of an alleged debt.

29. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading misrepresentations.

30. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

31. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

32. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

33. Plaintiff is entitled to recover attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below

## THIRD CAUSE OF ACTION
### (Against All Defendants For Conversion)

34. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

35. Plaintiff was entitled to immediate possession of his vehicle when it was repossessed by defendants. Defendants were not entitled to breach of the peace in order to repossess the vehicle, or to conduct an unlicensed repossession.

36. Defendants wrongfully deprived plaintiff of possession of his vehicle by repossessing it without any present right to do so, in breach of the peace.

37. Plaintiff has suffered and is entitled to recover damages for defendants' conversion.

38. Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: June 24, 2015                    Respectfully Submitted,

                                           TRUEBLOOD LAW FIRM


By: _____/s/_____
     Alexander B. Trueblood

Attorneys for Plaintiff
JIMMIE BROOKS