LEWIS BRISBOIS BISGAARD & SMITH LLP
CARY L. WOOD, SB# 146598
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants Leon's Quality Adjusters, Inc., and Tony Rodriguez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JIMMIE R. BROOKS,<br><br>       Plaintiff,<br><br>   vs.<br><br>LEON'S QUALITY ADJUSTERS, INC., TONY RODRIGUEZ, and DOES 1 through 10, inclusive,<br><br>       Defendant. | CASE NO. 1:15-CV-00965-LJO-JLT<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. Jennifer L. Thurston<br><br>FSC Date:   None Set<br>Trial Date: None Set |

For their answer to the Complaint filed by Plaintiff JIMMIE R. BROOKS (hereinafter "PLAINTIFF"), Defendants LEON QUALITY ADJUSTERS, INC. (hereinafter "LQA") and TONY RODRIGUEZ (hereinafter "RODRIGUEZ") (hereinafter collectively "DEFENDANTS") deny, admit, and aver as follows:

**RESPONSES TO PLAINTIFF'S COMPLAINT**

1.    For their answer to paragraph 1, DEFENDANTS admit that LQA was hired to repossess PLAINTIFF's vehicle. DEFENDANTS lack sufficient information and knowledge to admit or deny the remaining averments in paragraph 1 and on that basis, deny each and every remaining averment contained therein.

2.    For their answer to paragraph 2, DEFENDANTS admit that RODRIGUEZ, an employee of LQA, repossessed Plaintiff's vehicle, but denies

4840-2759-9654.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

each and every remaining allegation contained in paragraph 2.

3. For their answer to paragraph 3, DEFENDANTS deny each and every averment in paragraph 3 based upon reasonable belief.

4. For their answer to paragraph 4, DEFENDANTS deny each and every averment in paragraph 4 based upon reasonable belief.

5. For their answer to paragraph 5, DEFENDANTS deny each and every averment in paragraph 5 based upon reasonable belief.

6. For their answer to paragraph 6, DEFENDANTS lack sufficient information and knowledge to admit or deny that PLAINTIFF lost his vehicle permanently, and on that basis denies each and every averment in paragraph.

## JURISDICTION AND VENUE

7. DEFENDANTS admit and aver that this Court has original and supplemental jurisdiction over this matter based on the facts as presently pled in the Complaint.

8. DEFENDANTS admit and aver that venue is proper in this Court based on the facts as presently pled in the Complaint.

## PARTIES

9. For their answer to paragraph 9, DEFENDANTS admit and aver that PLAINTIFF purports to be a natural person over the age of 18 years and a resident of California.

10. For their answer to paragraph 10, DEFENDANTS admit and aver that LQA is a California corporation.

11. For their answer to paragraph 11, DEFENDANTS admit and aver that RODRIGUEZ is an individual over the age of 18 years.

12. For their answer to paragraph 12, DEFENDANTS lack sufficient information and knowledge to admit or deny the averments in paragraph 12, and on that basis deny each and every averment contained therein.

13. For their answer to paragraph 13, DEFENDANTS admit and aver that

1  RODRIGUEZ was an agent or employee of LQA.  DEFENDANTS lack sufficient
2  information and knowledge to admit or deny the remaining averments in paragraph
3  13 and on that basis, deny each and every remaining averment contained therein.

### FIRST CAUSE OF ACTION
### (Against all Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)

6    14.    For their answer to paragraph 14, DEFENDANTS refer to and
7  incorporate by reference each of their responses to the preceding paragraphs in the
8  Complaint.

9    15.    For their answer to paragraph 15, DEFENDANTS lack sufficient
10 information and knowledge to admit or deny the averments in paragraph 12, and on
11 that basis deny each and every averment contained therein.

12   16.    For their answer to paragraph 16, DEFENDANTS deny each and every
13 averment in paragraph 16.

14   17.    For their answer to paragraph 17, DEFENDANTS deny each and every
15 averment in paragraph 17.

16   18.    For their answer to paragraph 18, DEFENDANTS deny each and every
17 averment in paragraph 18.

18   19.    For their answer to paragraph 19, DEFENDANTS deny each and every
19 averment in paragraph 19.

20   20.    For their answer to paragraph 20, DEFENDANTS deny each and every
21 averment in paragraph 20.

22   21.    For their answer to paragraph 21, DEFENDANTS deny each and every
23 averment in paragraph 21.

### SECOND CAUSE OF ACTION
### (Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)

26   22.    For their answer to paragraph 22, DEFENDANTS refer to and
27 incorporate by reference each of their responses to the preceding paragraphs in the
28 Complaint.

23. For their answer to paragraph 23, DEFENDANTS lack sufficient information and knowledge to admit or deny the averments in paragraph 23 and on that basis, deny each and every averment contained therein.

24. For their answer to paragraph 24, DEFENDANTS lack sufficient information and knowledge to admit or deny the averments in paragraph 24 and on that basis, deny each and every averment contained therein.

25. For their answer to paragraph 25, DEFENDANTS deny each and every averment in paragraph 25.

26. For their answer to paragraph 26, DEFENDANTS deny each and every averment in paragraph 26.

27. For their answer to paragraph 27, DEFENDANTS deny each and every averment in paragraph 27.

28. For their answer to paragraph 28, DEFENDANTS deny each and every averment in paragraph 28.

29. For their answer to paragraph 29, DEFENDANTS deny each and every averment in paragraph 29.

30. For their answer to paragraph 30, DEFENDANTS deny each and every averment in paragraph 30.

31. For their answer to paragraph 31, DEFENDANTS deny each and every averment in paragraph 31.

32. For their answer to paragraph 32, DEFENDANTS deny each and every averment in paragraph 32.

33. For their answer to paragraph 33, DEFENDANTS deny each and every averment in paragraph 33.

### THIRD CAUSE OF ACTION
(Against All Defendants for Conversion)

34. For their answer to paragraph 34, DEFENDANTS refer to and incorporate by reference each of their responses to the preceding paragraphs in the

1 | Complaint.

2 |     35.    For their answer to paragraph 35, DEFENDANTS deny each and every averment in paragraph 35.

    36.    For their answer to paragraph 36, DEFENDANTS deny each and every averment in paragraph 36.

    37.    For their answer to paragraph 37, DEFENDANTS deny each and every averment in paragraph 37.

    38.    For their answer to paragraph 38, DEFENDANTS deny each and every averment in paragraph 38.

## PRAYER FOR RELIEF

    1.    DEFENDANTS deny that PLAINTIFF is entitled to the relief requested in paragraph 1, page 6 of the Complaint.

    2.    DEFENDANTS deny that PLAINTIFF is entitled to the relief requested in paragraph 2, page 6 of the Complaint.

    3.    DEFENDANTS deny that PLAINTIFF is entitled to the relief requested in paragraph 3, page 6 of the Complaint.

    4.    DEFENDANTS deny that PLAINTIFF is entitled to the relief requested in paragraph 4, page 6 of the Complaint.

    5.    DEFENDANTS deny that PLAINTIFF is entitled to the relief requested in paragraph 5, page 6 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE FACTS

    1.    The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – COMPARATIVE FAULT

    2.    Defendants affirmatively allege that at all times material Plaintiff was negligent and a proximate cause of the alleged events which form the basis for Plaintiff's Complaint. Plaintiff's recovery, if any, should be reduced by an amount

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

proportionate to the amount which Plaintiff's negligence contributed to the happening of the alleged incidents.

### THIRD AFFIRMATIVE DEFENSE – PARTIAL INDEMNIFICATION

3. Defendants affirmatively allege that at all times material the acts or omissions of third persons, other than these answering Defendants, proximately caused Plaintiff's Complaint. Further, Defendants affirmatively allege that Defendants are not vicariously liable for the acts or omissions of such third persons. Defendants are entitled to a judicial determination of the percentage of the fault of each person who is a proximate cause of the alleged injuries sustained.

### FOURTH AFFIRMATIVE DEFENSE – ASSUMPTION OF RISK

4. Defendants affirmatively allege that they are not liable for Plaintiff's injuries under the documents primary and secondary assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE – INTERVENING ACTS

5. All or part of the injuries, damages and/or losses alleged in Plaintiff were caused by the acts and conduct of persons or entities other than Defendants that intervened between the acts and conduct of Defendants. Thus, Plaintiff's alleged injuries, damages, and/or losses, if any, are not recoverable from these Defendants. In the alternative, any damages which Plaintiff may be entitled to recover against Defendants must be reduced to the extent such damages are attributable to the intervening acts and/or omissions of persons other than these Defendants.

### SIXTH AFFIRMATIVE DEFENSE – NO DAMAGES

6. Defendants affirmatively allege that in connection with any and all of Plaintiff's allegations pertaining to or referring to alleged damages, and answering Defendants' denial of each and all of the said allegations, and without limiting the generality of the foregoing, or any part thereof, answering Defendants hereby specifically deny that Plaintiff is, has been, or will be damaged in any way amount alleged, in any amount whatsoever, or at all, and specifically deny that Plaintiff is,

has been, or will be entitled to any general, compensatory, or other damage, or injunctive relief as alleged, sought or referred to, or any other relief at all, and answering Defendants affirmatively allege that Plaintiff has not been or will not be damaged or entitled to recover damages of any type or kind, in any amount whatsoever, or at all.

### SEVENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

7. Defendants affirmatively allege that Plaintiff was unreasonable in and about the matters alleged in the Complaint in that Plaintiff did not take reasonable precautions to avoid or reduce his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE – DAMAGES UNCERTAIN

8. Defendants affirmatively allege that damages claimed are uncertain and speculative, thereby precluding calculation and any recovery.

### NINTH AFFIRMATIVE DEFENSE – CONSENT

9. Defendants affirmatively allege that at all times material Plaintiff consented to each and every act and omission attributed to or allegedly performed by these Defendants.

### TENTH AFFIRMATIVE DEFENSE – RATIFICATION

10. Defendants affirmatively allege that at all times material Plaintiff ratified and consented to each and every act and omission attributed to or allegedly performed by these Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE - LACK OF STANDING

11. Defendants affirmatively allege that Plaintiff lacks standing to bring this action.

### TWELFTH AFFIRMATIVE DEFENSE – ESTOPPEL

12. Defendants affirmatively allege that Plaintiff is estopped from seeking the requested relief.

///

### THIRTEENTH AFFIRMATIVE DEFENSE - STATUTE OF LIMITATIONS

13. Defendants affirmatively allege that all or portions of the Complaint is barred by the applicable statutes of limitations including but not limited to CCP §335.1.

### FOURTEENTH AFFIRMATIVE DEFENSE – LACHES

14. Defendants affirmatively allege that Plaintiff's claims are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE – WAIVER

15. Defendants affirmatively allege that Plaintiff waived any rights that he may have for the requested relief.

### SIXTEENTH AFFIRMATIVE DEFENSE – ATTORNEY FEES

16. Defendants affirmatively allege that Plaintiff does not have any right to recover contractual or statutory attorney's fees.

### SEVENTEENTH AFFIRMATIVE DEFENSE – JUSTIFICATION

17. Defendants are informed and believe, on such information and belief allege, that the conduct of these Defendants in regard to the matters alleged in the Complaint was justified and, by reason of the foregoing, Plaintiff is barred from any recovery against Defendants herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE – NO CAUSATION

18. Defendants are informed and believe and on such information and belief allege, that any and all acts or omissions alleged against Defendants did not cause, either legally, actually or proximately, any damage to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE – IN PARI DELICTO

19. Plaintiff is barred from any recover for the acts alleged in the Complaint because they were in pari delicto.

### TWENTIETH AFFIRMATIVE DEFENSE - UNCLEAN HANDS

20. By virtue of Plaintiff's unlawful, immoral, careless, negligent and other

wrongful conduct, Plaintiff should be barred by the equitable doctrine of unclean hands from recovering any monies by this action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE – PAROL EVIDENCE

21. Defendants allege that to the extent any of Plaintiff's claims against these Defendants conflict with, or are contradictory to any contract, such claims are barred by the Parole Evidence Rule.

### TWENTY-SECOND AFFIRMATIVE DEFENSE – PLAINTIFF'S ACTIVE FAULT

22. Defendants allege that these Defendants' liability, if any, to Plaintiff would be based on the active fault of Plaintiff and such active fault precludes the relief sought by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE – INDEMNITY AND CONTRIBUTION

23. Defendants allege that if it should be established that these Defendants are in any manner legally responsible for Plaintiff's alleged damages, which these Defendants deny, these Defendants would be entitled to indemnify and/or contribution from Plaintiff and/or others in direct proportion to their negligence or other actionable conduct which proximately caused or contributed to Plaintiff's alleged damages, if there were any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE - CIVIL CODE SECTION 1431.1 THROUGH 1431.5

24. Defendants allege that pursuant to the provision of Section 1431.1 through 1431.5 inclusive, of the California Civil Code, Plaintiff is barred and precluded from recovering against these Answering Defendants on the Complaint for any non-economic damages except those allocated to Defendants in direct proportion to their percentage of fault, if any such fault or damages there be.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE – SPOLIATION

25. Answering Defendants allege, that Plaintiff, or others, either

intentionally or negligently, failed to preserve and/or spoiled the primary evidence relevant to this litigation as against Defendants, thus failing to give Defendants any opportunity to inspect said evidence, thereby severely damaging and prejudicing Defendants' ability to present their defense. Plaintiff should be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE – OFFSET**

26. Defendants allege that they possess equal and equitable rights of offset for claims existing against Plaintiff. Accordingly, any recovery by Plaintiff must be barred or reduced by the amount of such claims pursuant to California Code of Civil Procedure Section 431.70.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE – PERFORMANCE**

27. Defendants allege that they duly satisfied and discharged any duties and obligations they may have owed because of any agreements, representations, or contracts, and therefore, Civil Code §1473 is a defense since it provides that full performance of an obligation and acceptance thereof extinguishes the obligation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE - SUPERCEDING CAUSES**

28. Defendants allege that the causes of actions alleged herein are barred in that any alleged action or omission of Defendants were superseded by the actions or omissions of others, including Plaintiff, and/or his agents, which were the sole cause of any injury, damage or loss to Plaintiff herein.

**TWENTY-NINTH AFFIRMATIVE DEFENSE – OTHER AFFIRMATIVE DEFENSES**

29. Defendants allege that they may have additional affirmative defenses available to each and every one of them, of which Defendants are not now fully aware. Answering Defendants reserve the right to assert additional affirmative defenses after same shall be ascertained.

WHEREFORE, DEFENDANTS pray that the Court determine and adjudge:

a. that the Complaint be dismissed on the merits;

b. that Plaintiff take nothing by the Complaint;

c. that Defendants be awarded their costs, disbursements, attorneys' fees, and expenses incurred herein; and

d. that Defendants be awarded such other and further relief as the Court may deem proper.

DATED: September 16, 2015        CARY L. WOOD
                                 LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   /s/Cary L. Wood
      Cary L. Wood
      Attorneys for Defendants Leon's Quality
      Adjusters, Inc., and Tony Rodriguez

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendants Leon's Quality Adjusters, Inc., and Tony Rodriguez hereby demand a jury trial in this action.

DATED: September 16, 2015

CARY L. WOOD
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/Cary L. Wood
Cary L. Wood
Attorneys for Defendants Leon's Quality Adjusters, Inc., and Tony Rodriguez

4840-2759-9654.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**FEDERAL COURT PROOF OF SERVICE**

Jimmie R. Brooks v. Leon's Quality Adjusters, Inc. - Case No. Case No. 1:15-CV-00965-LJO-JLT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 16, 2015, I served the following document(s): **ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 16, 2015, at Los Angeles, California.

_Melanie Russell_
Melanie Russell

4840-2759-9654.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT