1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
CARY L. WOOD, SB# 146598
2 |   Email: Cary.Wood@lewisbrisbois.com
ANKUR TARNEJA SB#262593
3 |   Email: Ankur.Tarneja@lewisbrisbois.com
633 West 5th Street, Suite 4000
4 | Los Angeles, California 90071
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | Attorneys for Defendants LEON'S
QUALITY ADJUSTERS, INC., and
7 | TONY RODRIGUEZ

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10 |

| | |
|---|---|
| 11 | JIMMIE R. BROOKS, | CASE NO. 1:15-CV-00965-LJO-JLT |
| 12 | Plaintiff, | **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| 13 | vs. | |
| 14 | LEON'S QUALITY ADJUSTERS, INC., TONY RODRIGUEZ, and DOES | Judge:  Hon. Jennifer L. Thurston |
| 15 | 1 through 10, inclusive, | Trial Date:       December 13, 2016 |
| 16 | Defendant. | |

17 |

18 | For their answer to the First Amended Complaint filed by Plaintiff JIMMIE

19 | R. BROOKS ("PLAINTIFF"), Defendants LEON QUALITY ADJUSTERS, INC.

20 | ("LQA") and TONY RODRIGUEZ ("RODRIGUEZ") (hereinafter collectively

21 | "DEFENDANTS") deny, admit, and aver as follows:

22 | **RESPONSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

23 |        1.       For their answer to paragraph 1, DEFENDANTS admit that LQA was

24 | hired to repossess PLAINTIFF's vehicle.  DEFENDANTS lack sufficient

25 | information and knowledge to admit or deny the remaining averments in paragraph

26 | 1 and on that basis, deny each and every remaining averment contained therein.

27 |        2.       For their answer to paragraph 2, DEFENDANTS admit that

28 | RODRIGUEZ, an employee of LQA, repossessed Plaintiff's vehicle, but denies

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-3146-8844.1

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  each and every remaining allegation contained in paragraph 2.

2      3.    For their answer to paragraph 3, DEFENDANTS deny each and every

3  averment in paragraph 3 based upon reasonable belief.

4      4.    For their answer to paragraph 4, DEFENDANTS deny each and every

5  averment in paragraph 4 based upon reasonable belief.

6      5.    For their answer to paragraph 5, DEFENDANTS lack sufficient

7  information and knowledge to admit or deny that PLAINTIFF lost his vehicle

8  permanently, and on that basis denies each and every averment in paragraph.

9  **JURISDICTION AND VENUE**

10      6.    DEFENDANTS admit and aver that this Court has original and

11  supplemental jurisdiction over this matter based on the facts as presently pled in the

12  First Amended Complaint.

13      7.    DEFENDANTS admit and aver that venue is proper in this Court based

14  on the facts as presently pled in the First Amended Complaint.

15  **PARTIES**

16      8.    For their answer to paragraph 8, DEFENDANTS admit and aver that

17  PLAINTIFF purports to be a natural person over the age of 18 years and a resident

18  of California.

19      9.    For their answer to paragraph 9, DEFENDANTS admit and aver that

20  LQA is a California corporation.

21      10.    For their answer to paragraph 10, DEFENDANTS admit and aver that

22  RODRIGUEZ is an individual over the age of 18 years.

23      11.    For their answer to paragraph 11, DEFENDANTS lack sufficient

24  information and knowledge to admit or deny the averments in paragraph 11, and on

25  that basis deny each and every averment contained therein.

26      12.    For their answer to paragraph 12, DEFENDANTS admit and aver that

27  RODRIGUEZ was an agent or employee of LQA.  DEFENDANTS lack sufficient

28  information and knowledge to admit or deny the remaining averments in paragraph

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-3146-8844.1

2

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1 | 13 and on that basis, deny each and every remaining averment contained therein.

2 | ## FIRST CAUSE OF ACTION

3 | **(Against all Defendants for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**

4 |      13.    For their answer to paragraph 13, DEFENDANTS refer to and

5 | incorporate by reference each of their responses to the preceding paragraphs in the

6 | First Amended Complaint.

7 |      14.    For their answer to paragraph 14, DEFENDANTS lack sufficient

8 | information and knowledge to admit or deny the averments in paragraph 14, and on

9 | that basis deny each and every averment contained therein.

10 |      15.    For their answer to paragraph 15, DEFENDANTS deny each and every

11 | averment in paragraph 15.

12 |      16.    For their answer to paragraph 16, DEFENDANTS deny each and every

13 | averment in paragraph 16.

14 |      17.    For their answer to paragraph 17, DEFENDANTS deny each and every

15 | averment in paragraph 17.

16 |      18.    For their answer to paragraph 18, DEFENDANTS deny each and every

17 | averment in paragraph 18.

18 |      19.    For their answer to paragraph 19, DEFENDANTS deny each and every

19 | averment in paragraph 19.

20 | ## SECOND CAUSE OF ACTION

21 | **(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

22 |      20.    For their answer to paragraph 20, DEFENDANTS refer to and

23 | incorporate by reference each of their responses to the preceding paragraphs in the

24 | First Amended Complaint.

25 |      21.    For their answer to paragraph 21, DEFENDANTS lack sufficient

26 | information and knowledge to admit or deny the averments in paragraph 21 and on

27 | that basis, deny each and every averment contained therein.

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

22.     For their answer to paragraph 22, DEFENDANTS lack sufficient information and knowledge to admit or deny the averments in paragraph 22 and on that basis, deny each and every averment contained therein.

23.     For their answer to paragraph 23, DEFENDANTS deny each and every averment in paragraph 23.

24.     For their answer to paragraph 24, DEFENDANTS deny each and every averment in paragraph 24.

25.     For their answer to paragraph 25, DEFENDANTS deny each and every averment in paragraph 25.

26.     For their answer to paragraph 26, DEFENDANTS deny each and every averment in paragraph 26.

27.     For their answer to paragraph 27, DEFENDANTS deny each and every averment in paragraph 27.

28.     For their answer to paragraph 28, DEFENDANTS deny each and every averment in paragraph 28.

29.     For their answer to paragraph 29, DEFENDANTS deny each and every averment in paragraph 29.

30.     For their answer to paragraph 30, DEFENDANTS deny each and every averment in paragraph 30.

31.     For their answer to paragraph 31, DEFENDANTS deny each and every averment in paragraph 31.

### THIRD CAUSE OF ACTION
**(Against All Defendants for Conversion)**

32.     For their answer to paragraph 32, DEFENDANTS refer to and incorporate by reference each of their responses to the preceding paragraphs in the First Amended Complaint.

33.     For their answer to paragraph 33, DEFENDANTS deny each and every averment in paragraph 33.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       34.    For their answer to paragraph 34, DEFENDANTS deny each and every

2   averment in paragraph 34.

3       35.    For their answer to paragraph 35, DEFENDANTS deny each and every

4   averment in paragraph 35.

5       36.    For their answer to paragraph 36, DEFENDANTS deny each and every

6   averment in paragraph 36.

7   **PRAYER FOR RELIEF**

8       1.    DEFENDANTS deny that PLAINTIFF is entitled to the relief

9   requested in paragraph 1, page 6 of the First Amended Complaint.

10       2.    DEFENDANTS deny that PLAINTIFF is entitled to the relief

11   requested in paragraph 2, page 6 of the First Amended Complaint.

12       3.    DEFENDANTS deny that PLAINTIFF is entitled to the relief

13   requested in paragraph 3, page 6 of the First Amended Complaint.

14       4.    DEFENDANTS deny that PLAINTIFF is entitled to the relief

15   requested in paragraph 4, page 6 of the First Amended Complaint.

16       5.    DEFENDANTS deny that PLAINTIFF is entitled to the relief

17   requested in paragraph 5, page 6 of the First Amended Complaint.

18       6.    DEFENDANTS deny that PLAINTIFF is entitled to the relief

19   requested in paragraph 6, page 7 of the First Amended Complaint.

20   **AFFIRMATIVE DEFENSES**

21   **FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE FACTS**

22       1.    The First Amended Complaint fails to state any claim upon which relief

23   can be granted.

24   **SECOND AFFIRMATIVE DEFENSE – COMPARATIVE FAULT**

25       2.    Defendants affirmatively allege that at all times material Plaintiff was

26   negligent and a proximate cause of the alleged events which form the basis for

27   Plaintiff's First Amended Complaint.  Plaintiff's recovery, if any, should be reduced

28   by an amount proportionate to the amount which Plaintiff's negligence contributed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   to the happening of the alleged incidents.

2              **THIRD AFFIRMATIVE DEFENSE – PARTIAL INDEMNIFICATION**

3         3.      Defendants affirmatively allege that at all times material the acts or

4   omissions of third persons, other than these answering Defendants, proximately

5   caused Plaintiff's First Amended Complaint.  Further, Defendants affirmatively

6   allege that Defendants are not vicariously liable for the acts or omissions of such

7   third persons.  Defendants are entitled to a judicial determination of the percentage

8   of the fault of each person who is a proximate cause of the alleged injuries

9   sustained.

10             **FOURTH AFFIRMATIVE DEFENSE – ASSUMPTION OF RISK**

11        4.      Defendants affirmatively allege that they are not liable for Plaintiff's

12  injuries under the documents primary and secondary assumption of the risk.

13             **FIFTH AFFIRMATIVE DEFENSE – INTERVENING ACTS**

14        5.      All or part of the injuries, damages and/or losses alleged in Plaintiff

15  were caused by the acts and conduct of persons or entities other than Defendants

16  that intervened between the acts and conduct of Defendants.  Thus, Plaintiff's

17  alleged injuries, damages, and/or losses, if any, are not recoverable from these

18  Defendants.  In the alternative, any damages which Plaintiff may be entitled to

19  recover against Defendants must be reduced to the extent such damages are

20  attributable to the intervening acts and/or omissions of persons other than these

21  Defendants.

22             **SIXTH AFFIRMATIVE DEFENSE – NO DAMAGES**

23        6.      Defendants affirmatively allege that in connection with any and all of

24  Plaintiff's allegations pertaining to or referring to alleged damages, and answering

25  Defendants' denial of each and all of the said allegations, and without limiting the

26  generality of the foregoing, or any part thereof, answering Defendants hereby

27  specifically deny that Plaintiff is, has been, or will be damaged in any way amount

28  alleged, in any amount whatsoever, or at all, and specifically deny that Plaintiff is,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  has been, or will be entitled to any general, compensatory, or other damage, or

2  injunctive relief as alleged, sought or referred to, or any other relief at all, and

3  answering Defendants affirmatively allege that Plaintiff has not been or will not be

4  damaged or entitled to recover damages of any type or kind, in any amount

5  whatsoever, or at all.

6  **SEVENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE**

7  **DAMAGES**

8       7.     Defendants affirmatively allege that Plaintiff was unreasonable in and

9  about the matters alleged in the First Amended Complaint in that Plaintiff did not

10  take reasonable precautions to avoid or reduce his alleged damages.

11  **EIGHTH AFFIRMATIVE DEFENSE – DAMAGES UNCERTAIN**

12       8.     Defendants affirmatively allege that damages claimed are uncertain and

13  speculative, thereby precluding calculation and any recovery.

14  **NINTH AFFIRMATIVE DEFENSE – CONSENT**

15       9.     Defendants affirmatively allege that at all times material Plaintiff

16  consented to each and every act and omission attributed to or allegedly performed

17  by these Defendants.

18  **TENTH AFFIRMATIVE DEFENSE – RATIFICATION**

19       10.     Defendants affirmatively allege that at all times material Plaintiff

20  ratified and consented to each and every act and omission attributed to or allegedly

21  performed by these Defendants.

22  **ELEVENTH AFFIRMATIVE DEFENSE - LACK OF STANDING**

23       11.     Defendants affirmatively allege that Plaintiff lacks standing to bring

24  this action.

25  **TWELFTH AFFIRMATIVE DEFENSE – ESTOPPEL**

26       12.     Defendants affirmatively allege that Plaintiff is estopped from seeking

27  the requested relief.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-3146-8844.1

7

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE - STATUTE OF LIMITATIONS

13.     Defendants affirmatively allege that all or portions of the First Amended Complaint is barred by the applicable statutes of limitations including but not limited to CCP §335.1.

## FOURTEENTH AFFIRMATIVE DEFENSE – LACHES

14.     Defendants affirmatively allege that Plaintiff's claims are barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE – WAIVER

15.     Defendants affirmatively allege that Plaintiff waived any rights that he may have for the requested relief.

## SIXTEENTH AFFIRMATIVE DEFENSE – ATTORNEY FEES

16.     Defendants affirmatively allege that Plaintiff does not have any right to recover contractual or statutory attorney's fees.

## SEVENTEENTH AFFIRMATIVE DEFENSE – JUSTIFICATION

17.     Defendants are informed and believe, on such information and belief allege, that the conduct of these Defendants in regard to the matters alleged in the First Amended Complaint was justified and, by reason of the foregoing, Plaintiff is barred from any recovery against Defendants herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE – NO CAUSATION

18.     Defendants are informed and believe and on such information and belief allege, that any and all acts or omissions alleged against Defendants did not cause, either legally, actually or proximately, any damage to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE – IN PARI DELICTO

19.     Plaintiff is barred from any recover for the acts alleged in the First Amended Complaint because they were in pari delicto.

## TWENTIETH AFFIRMATIVE DEFENSE - UNCLEAN HANDS

20.     By virtue of Plaintiff's unlawful, immoral, careless, negligent and other

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  wrongful conduct, Plaintiff should be barred by the equitable doctrine of unclean

2  hands from recovering any monies by this action.

3  **TWENTY-FIRST AFFIRMATIVE DEFENSE – PAROL EVIDENCE**

4      21.    Defendants allege that to the extent any of Plaintiff's claims against

5  these Defendants conflict with, or are contradictory to any contract, such claims are

6  barred by the Parole Evidence Rule.

7  **TWENTY-SECOND AFFIRMATIVE DEFENSE – PLAINTIFF'S**

8  **ACTIVE FAULT**

9      22.    Defendants allege that these Defendants' liability, if any, to Plaintiff

10  would be based on the active fault of Plaintiff and such active fault precludes the

11  relief sought by Plaintiff.

12  **TWENTY-THIRD AFFIRMATIVE DEFENSE – INDEMNITY AND**

13  **CONTRIBUTION**

14      23.    Defendants allege that if it should be established that these Defendants

15  are in any manner legally responsible for Plaintiff's alleged damages, which these

16  Defendants deny, these Defendants would be entitled to indemnify and/or

17  contribution from Plaintiff and/or others in direct proportion to their negligence or

18  other actionable conduct which proximately caused or contributed to Plaintiff's

19  alleged damages, if there were any.

20  **TWENTY-FOURTH AFFIRMATIVE DEFENSE - CIVIL CODE**

21  **SECTION 1431.1 THROUGH 1431.5**

22      24.    Defendants allege that pursuant to the provision of Section 1431.1

23  through 1431.5 inclusive, of the California Civil Code, Plaintiff is barred and

24  precluded from recovering against these Answering Defendants on the First

25  Amended Complaint for any non-economic damages except those allocated to

26  Defendants in direct proportion to their percentage of fault, if any such fault or

27  damages there be.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-3146-8844.1

9

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE – SPOLIATION

25.    Answering Defendants allege, that Plaintiff, or others, either intentionally or negligently, failed to preserve and/or spoiled the primary evidence relevant to this litigation as against Defendants, thus failing to give Defendants any opportunity to inspect said evidence, thereby severely damaging and prejudicing Defendants' ability to present their defense.  Plaintiff should be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE – OFFSET

26.    Defendants allege that they possess equal and equitable rights of offset for claims existing against Plaintiff.  Accordingly, any recovery by Plaintiff must be barred or reduced by the amount of such claims pursuant to California Code of Civil Procedure Section 431.70.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE – PERFORMANCE

27.    Defendants allege that they duly satisfied and discharged any duties and obligations they may have owed because of any agreements, representations, or contracts, and therefore, Civil Code §1473 is a defense since it provides that full performance of an obligation and acceptance thereof extinguishes the obligation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE - SUPERCEDING CAUSES

28.    Defendants allege that the causes of actions alleged herein are barred in that any alleged action or omission of Defendants were superseded by the actions or omissions of others, including Plaintiff, and/or his agents, which were the sole cause of any injury, damage or loss to Plaintiff herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE – OTHER AFFIRMATIVE DEFENSES

29.    Defendants allege that they may have additional affirmative defenses available to each and every one of them, of which Defendants are not now fully

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-3146-8844.1                                   10
DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  aware.  Answering Defendants reserve the right to assert additional affirmative

2  defenses after same shall be ascertained.

3        WHEREFORE, DEFENDANTS pray that the Court determine and adjudge:

4        a.    that the First Amended Complaint be dismissed on the merits;

5        b.    that Plaintiff take nothing by the First Amended Complaint;

6        c.    that Defendants be awarded their costs, disbursements, attorneys'

7              fees, and expenses incurred herein; and

8        d.    that Defendants be awarded such other and further relief as the

9              Court may deem proper.

10  DATED: January 25, 2016          CARY L. WOOD
                                     ANKUR TARNEJA
11                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

12

13

14                              By:   /s/ Ankur Tarneja

15                                   Ankur Tarneja
                                     Attorneys for Defendants LEON'S
16                                   QUALITY ADJUSTERS, INC. and TONY
                                     RODRIGUEZ
17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-3146-8844.1

11

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1 | **DEMAND FOR JURY TRIAL**

2 |      PLEASE TAKE NOTICE that Defendants Leon's Quality Adjusters, Inc.,

3 | and Tony Rodriguez hereby demand a jury trial in this action.

4 | DATED: January 25, 2016      CARY L. WOOD
5 |      ANKUR TARNEJA
     LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7

8 |      By:   /s/ Ankur Tarneja
9 |      Ankur Tarneja
     Attorneys for Defendants LEON'S
10 |      QUALITY ADJUSTERS, INC. and TONY
     RODRIGUEZ
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4811-3146-8844.1

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# FEDERAL COURT PROOF OF SERVICE

*Jimmie R. Brooks v. Leon's Quality Adjusters, Inc., et al.* - Case No. Case No. 1:15-CV-00965-LJO-JLT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 25, 2016, I served the following document(s):  **ANSWER TO PLAINTIFF'S FIST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 25, 2016, at Los Angeles, California.

MONIQUE TALAMANTE

4811-3146-8844.1

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW