1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
CARY L. WOOD, SB# 146598
2 | E-Mail: Cary.Wood@lewisbrisbois.com
ANKUR TARNEJA, SB# 262593
3 | E-Mail: Ankur.Tarneja@lewisbrisbois.com
633 West 5th Street, Suite 4000
4 | Los Angeles, California 90071
Telephone: 213.250.1800
5 | Facsimile: 213.250.7900

6 | Attorneys for Defendants LEON'S
QUALITY ADJUSTERS, INC., and
7 | TONY RODRIGUEZ

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

10

11 | JIMMIE R. BROOKS,

CASE NO. 1:15-CV-00965-JLT

12 | Plaintiff,

**DEFENDANTS LEON'S QUALITY ADJUSTERS, INC. AND TONY**
13 | vs.

**STATEMENT OF UNDISPUTED FACTS**

14 | LEON'S QUALITY ADJUSTERS, INC., TONY RODRIGUEZ, and DOES
15 | 1 through 10, inclusive,

[Filed concurrently with Motion for Summary Judgment, or, Alternatively, Partial Summary Judgment; Declaration
16 | Defendant.

of Ankur Tarneja with Exhibits A to G; Declaration of Leon Scroggins with
17 | Exhibits A to C]

18 | Judge: Hon. Jennifer L. Thurston
Date: August 9 , 2016
19 | Time: 9:30 a.m.

20 | Action filed: June 25, 2015
Trial: December 13. 2016

21

22

23

24 | Defendants Leon's Quality Adjusters, Inc. and Tony Rodriguez (collectively

25 | "Defendants") hereby submit their Statement of Undisputed Facts in support of their

26 | Motion for Summary Judgment, or, alternatively, partial summary judgment,

27 | pursuant to Fed. R. Civ. P. 56 and Local Rule 260(a).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| **Plaintiff Finances The Purchase Of The Truck** **And Defaults On His Payments.** | |
| 1.     Plaintiff Jimmie Brooks ("Plaintiff") financed the purchase of a 2003 model red Ford Super Duty F-250 extended cab truck (the "Truck") in May 2014. | 1.     Declaration of Ankur Tarneja ("Tarneja Decl."), Exh. A. Deposition of Jimmie R. Brooks ("Brooks Depo."), 10:1-2; Declaration of Leon Scroggins ("Scroggins Decl."), ¶ 3, Exh. A, Order to Repossess. |
| 2.     Plaintiff paid for the Truck by agreeing to make a down payment and monthly payments through a loan. | 2.     Tarneja Decl., Exh. A, Brooks Depo., 10:11-13. |
| 3.     The loan came through the car dealership where he bought the Truck. | 3.     Tarneja Decl., Exh. A, Brooks Depo., 10:14-15. |
| 4.     Plaintiff sent his payments to the same place throughout the time that he made payments on the Truck, and he sent the money to Gateway One Lending & Finance ("Gateway"). | 4.     Tarneja Decl., Exh. A, Brooks Depo., 11:2-6; Tarneja Decl., ¶ 3, Exh. B, First Amended Complaint ("FAC"), ¶ 1. |
| 5.     Plaintiff's monthly payments were $372. | 5.     Tarneja Decl., Exh. A, Brooks Depo., 10:18-22. |
| 6.     Plaintiff made his monthly payments at the first of the month through an online payment system using a debit card. | 6.     Tarneja Decl., Exh. A, Brooks Depo., 11:23-24, 12:4-8. |
| 7.     From April 2014 until January 2015, Plaintiff made timely payments. | 7.     Tarneja Decl., Exh. A, Brooks Depo., 12:12-19. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 8.      Plaintiff did not pay the $372 payment in January 2015. | 8.      Tarneja Decl., Exh. A, Brooks Depo., 12:20-22. |
| 9.      Plaintiff did not pay the $372 payment in February 2015, or the previously missed payment. | 9.      Tarneja Decl., Exh. A, Brooks Depo., 14:19-25. |
| 10.     Plaintiff did not pay the $372 payment in March 2015, or the previously missed two payments. | 10.     Tarneja Decl., Exh. A, Brooks Depo., 17:3-9. |
| 11.     Plaintiff did not pay the $372 payment in April 2015. | 11.     Tarneja Decl., Exh. A, Brooks Depo., 19:4-8. |
| 12.     By April 2015, Plaintiff missed four consecutive payments. | 12.     Tarneja Decl., Exh. A, Brooks Depo., 20:1-3. |
| **Gateway Notifies Plaintiff That It Will Repossess The Truck And Hires Leon's.** | |
| 13.     Around April 15, 2015, Gateway emailed Plaintiff that if he did not get caught up with his payments and the additional fees, it would repossess the Truck. | 13.     Tarneja Decl., Exh. A, Brooks Depo., 20:16-23. |
| 14.     On April 16, 2015, Gateway hired Defendants Leon's Quality Adjusters, Inc. ("Leon's") and Tony Rodriguez ("Rodriguez") (collectively "Defendants") to repossess the Truck. | 14.     Declaration of Leon Scroggins ("Scroggins Decl."), ¶ 3, Exh. A, Order to Repossess; Tarneja Decl., ¶ 4, Exh. C, Deposition of Anthony Rodriguez ("Rodriguez Depo."), 65:5-7; Tarneja Decl., Exh. B, FAC, ¶ 1. |
| 15.     Gateway provided Defendants | 15.     Scroggins Decl., Exh. A, Order to |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| with Plaintiff's home address on April 16, 2015. | Repossess. |
| 16.   On April 16, 2015, Gateway provided Defendants with Plaintiff's place of employment and address. | 16.   Scroggins Decl., ¶ 4, Exh. B, Progress Report, p. 3. |
| 17.   On April 17, 2015, Rodriguez drove by Plaintiff's work and home addresses. | 17.   Scroggins Decl., Exh. B, Progress Report, pp. 2 & 3; Tarneja Decl., Exh. C, Rodriguez Depo., 68:2-20, 69:15-25. |
| **Rodriguez Scouts Bolthouse Farms' Property,** **And Plaintiff Conceals The Location Of The Truck.** | |
| 18.   On April 18, 2015, Rodriguez went by Plaintiff's home address and Bolthouse Farms, but he did not enter Bolthouse Farms' property. | 18.   Tarneja Decl., Exh. C, Rodriguez Depo., 71:4-72:18. |
| 19.   Rodriguez observed that the gate to Bolthouse Farms' driveway from Brundage Lane was open, and he saw the security guard shacks. | 19.   Tarneja Decl., Exh. C, Rodriguez Depo. 74:8-16. |
| 20.   The main employee parking lot is not arm access controlled, and there is no way to stop vehicles from entering it. | 20.   Tarneja Decl., ¶ 5, Exh. D, Deposition of Amanjot Bajwa ("Bajwa Depo."), 15:3-13. |
| 21.   Bolthouse Farms' security has no way of knowing whether a vehicle that enters the employee parking lot is a Bolthouse Farms employee. | 21.   Tarneja Decl., Exh. D, Bajwa Depo., 15:3-13. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS:** | **SUPPORTING EVIDENCE:** |
|---|---|
| 22.    Rodriguez observed the employee parking lot that day, and he noticed that they were both one-way entrances. | 22.    Tarneja Decl., Exh. C, Rodriguez Depo., 77:16-24. |
| 23.    When Rodriguez drove by Bolthouse Farms, he did not see any signage on the fence that runs parallel to Brundage and along Bolthouse Farm's property line. | 23.    Tarneja Decl., Exh. C, Rodriguez Depo., 73:22-25. |
| 24.    The signs on Brundage were (and are) not lit up by lights at night time. | 24.    Tarneja Decl., ¶ 6, Exh. E, Deposition of Lucia Jimenez (Jimenez Depo.), 63:1-17. |
| 25.    On April 19, 2015, Rodriguez went to Plaintiff's home and spoke to a neighbor, who told him that the Truck has not parked at Plaintiff's residence in the past three weeks. | 25.    Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl, Exh. C, Rodriguez Depo., 81:6-19. |
| 26.    On April 20, 2015, Rodriguez went back to Plaintiff's home and spoke to a female, who told him that Plaintiff did not live at that address. | 26.    Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl., Exh. C, Rodriguez Depo., 80:15-81:1. |
| 27.    On April 22, 2015, Gateway notified Defendants that the Truck's GPS coordinates indicated that Plaintiff was at the home address that Gateway had on file around 7:15 p.m. | 27.    Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl., Exh. C, Rodriguez Depo., 84:20-85:25 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| on April 21, 2015. | |
| 28.    Plaintiff denied that he attempted to hide the location of the Truck. | 28.    Tarneja Decl., Exh. A, Brooks Depo., 126:13-18. |
| **Bolthouse's Employee Parking Lot Is Open 24/7.** | |
| 29.    In April 2015, Plaintiff worked at Bolthouse Farms ("Bolthouse") in Bakersfield, California. | 29.    Tarneja Decl., Exh. A, Brooks Depo., 22:11-15. |
| 30.    Bolthouse is located at 7200 East Brundage Lane. | 30.    Tarneja Decl., Exh. A, Brooks Depo., 27:6-8. |
| 31.    To enter Bolthouse, Plaintiff came from the west and then turned right on East Brundage Lane, and then turned north on to Bolthouse's driveway. | 31.    Tarneja Decl., Exh. A, Brooks Depo., 28:13-29:9, 29:17-19. |
| 32.    Plaintiff parked the Truck on the west side of Bolthouse, where employees park their cars. | 32.    Tarneja Decl., Exh. A, Brooks Depo., 29:20-23. |
| 33.    To enter the west side of Bolthouse, Plaintiff turns left into the parking lot, which is about fifty yards from the turn off of East Brundage Lane. | 33.    Tarneja Decl., Exh. A, Brooks Depo., 29:24-30:9. |
| 34.    There is a black iron gate at the entryway of Bolthouse off of Brundage Lane, which was open | 34.    Tarneja Decl., Exh. A, Brooks Depo., 30:14-31:15, 32:8-10, 37:7-11, 45:17-19; Tarneja Decl., ¶ 7, Exh. F, Exhibit 2-4 from |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT LEON'S QUALITY ADJUSTERS RESPONSES TO PLAINTIFF'S DOCUMENT DEMAND (SET ONE)

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| when Plaintiff entered Bolthouse on April 22, 2015. | the Brooks Depo. |
| 35.    The gate at the entryway of Bolthouse off of Brundage Lane is always open. | 35.    Tarneja Decl., Exh. A, Brooks Depo. 45:17-22. |
| 36.    There are two entryways into the employee parking lot on the left. | 36.    Tarneja Decl., Exh. A, Brooks Depo., 33:3-14, 35:14-16. |
| 37.    The employee parking lot entryways are situated before the security guard shack. | 37.    Tarneja Decl., Exh. A, Brooks Depo., 32:14-19. |
| 38.    On April 22, 2015, Plaintiff's work shift started at 3:30 p.m. and ended at 1:00 a.m. | 38.    Tarneja Decl., Exh. A, Brooks Depo., 23:24-24:7. |
| 39.    Plaintiff entered the southernmost entrance to the employee parking lot when he started his shift on April 22, 2015. | 39.    Tarneja Decl., Exh. A, Brooks Depo., 33:7-14, 35:17-20. |
| 40.    There is not a gate or any other barrier at the first entryway to the employee parking lot. | 40.    Tarneja Decl., Exh. A, Brooks Depo., 33:16-18, 37:19-22. |
| 41.    The two entryways that Plaintiff drove through to park his car were both open on April 22, 2015. | 41.    Tarneja Decl., Exh. A, Brooks Depo. 50:13-20. |
| 42.    People who go into the employee parking lot do not need to check with the guard because it's | 42.    Tarneja Decl., ¶ 8, Exh. G, McEntire Depo., 22:11-18. |

7

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| open. | |
| 43.    Bolthouse Farms' security guards do not know whether employees' vehicles or other vehicles enter the parking look, as it is an opening parking lot, and they patrol the employee lot to make sure that people park correctly and make sure that people do not do things that they are not supposed to do in the parking lot. | 43.    Tarneja Decl., Exh. G, McEntire Depo., 22:23-23:8. |
| 44.    Plaintiff agrees that anyone could physically drive into Bolthouse's driveway, turn left, and enter the parking lot. | 44.    Tarneja Decl., Exh. A, Brooks Depo. 49: 3-11. |
| 45.    Plaintiff took a lunch break at 8:00 p.m. that day, and he left Bolthouse's property in the Truck. | 45.    Tarneja Decl., Exh. A, Brooks Depo. 50:21-22, 52:25-53:8. |
| 46.    Plaintiff returned at 8:30 p.m. and he entered the same way that he entered when he started his shift, and he parked in the exact same spot. | 46.    Tarneja Decl., Exh. A, Brooks Depo. 53:3-8. |
| **Rodriguez Repossesses The Truck Without Any Issues.** | |
| 47.    In the words of Bolthouse Farms' main security contact, Rodriguez "did an amazing job," and | 47.    Tarneja Decl., Exh. D, Bajwa Depo., 34:15, 43:2-5. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| this was "absolutely" a very professional repossession. | |
| 48.    Rodriguez parked his tow truck on East Brundage Lane and walked into Bolthouse's employee parking lot to confirm the Truck's make, model, and license plate information, which it did. | 48.    Tarneja Decl., Exh. C, Rodriguez Depo., 91:2-92:10. |
| 49.    Rodriguez went back to the tow truck, called Leon's President, Leon Scroggins ("Scroggins"), explained to him that the gates were open and that no guard was present or visible even though he saw the guard shack. | 49.    Tarneja Decl., Exh. C, Rodriguez Depo., 88:9-23; 95:22-97:25. |
| 50.    Scroggins told Rodriguez that if he could connect the Truck without any conflict or problems, then to proceed and repossess the Truck. | 50.    Scroggins Decl, ¶ 5; Tarneja Decl., Exh. C, Rodriguez Depo., 97:13-19. |
| 51.    Bolthouse Farms' security guard Lucia Jimenez ("Jimenez") was stationed at the front guard shack at the time Rodriguez enter Bolthouse Farms' property. | 51.    Tarneja Decl., Exh. E, Jimenez Depo., 37:12-14. |
| 52.    Jimenez saw an unmarked tow truck enter the driveway of Bolthouse Farms from Brundage Lane, and then | 52.    Tarneja Decl., Exh. E, Jimenez Depo., 37:14-38:21. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| enter the employee parking lot through the first entrance closer to Brundage Lane (south entrance). | |
| 53.    Jimenez estimated that Rodriguez entered the driveway at approximately 7-10mph. | 53.    Tarneja Decl., Exh. E, Jimenez Depo., 39:2-11. |
| 54.    Jimenez saw the tow truck back into the parking lot after he turned around in the driveway. | 54.    Tarneja Decl., Exh. E, Jimenez Depo., 40:2-20. |
| 55.    Jimenez then called Sabrina McEntire ("McEntire"), another security guard working that night, to advise her that a tow truck entered the lot and to ask her to go check why it was on Bolthouse Farms' property. | 55.    Tarneja Decl., Exh. E, Jimenez Depo., 40:25-41:22. |
| 56.    McEntire was the supervisor of Jimenez and Lewis Richardson, another Bolthouse Farms' security guard, and she reported to AJ Bajwa ("Bajwa"). | 56.    Tarneja Decl., Exh. G, McEntire Depo., 12:3-19. |
| 57.    On the night of the repossession, McEntire's duties were to watch the monitors in the central monitoring station, which is directly behind (or to the north) of the guard shack that Jimenez manned. | 57.    Tarneja Decl., Exh. G, McEntire Depo., 13:6-20. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 58.    Jimenez never left her post at the guard shack at any time during this repossession. | 58.    Tarneja Decl., Exh. E, Jimenez Depo., 42:19-21. |
| 59.    Jimenez did not see the tow truck inside the employee parking lot because other vehicles blocked her view. | 59.    Tarneja Decl., Exh. E, Jimenez Depo., 43:21-44:10. |
| 60.    At no point did Jimenez see the tow truck driver. | 60.    Tarneja Decl., Exh. E, Jimenez Depo., 59:23-60:1. |
| 61.    Rodriguez connected the Truck without any problems. | 61.    Tarneja Decl., Exh. C, Rodriguez Depo., 92:22-93:1; 103: 14-17. |
| 62.    At the time he repossessed the Truck, Bolthouse Farms had an employee shift change, and there were people going in and out of Bolthouse Farms. | 62.    Tarneja Decl., Exh. C, Rodriguez Depo., 100:1-102:1; 105:22-106:7; Tarneja Decl., Exh. E, Jimenez Depo., 42:22-43:10. |
| 63.    Rodriguez did not see or hear anyone try to stop him. | 63.    Tarneja Decl., Exh. C, Rodriguez Depo., 101:24-102:10 |
| 64.    No Bolthouse Farms employee complained to security that a tow truck almost ran them over. | 64.    Tarneja Decl., Exh. D, Bajwa Depo., 68:10-15. |
| 65.    Rodriguez never saw or heard any security guards the entire time that he was on Bolthouse Farms' property. | 65.    Tarneja Decl., Exh C, Rodriguez Depo., 93:18-25; 102:2-7. |
| 66.    By the time McEntire came out | 66.    Tarneja Decl., Exh. E, Jimenez |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| of the rear guard shack, Rodriguez was already leaving, and it was too late to stop him. | Depo.,44:21-45:1. |
| 67.     Jimenez estimated that Rodriguez drove out of Bolthouse Farms at approximately 8-10mph. | 67.     Tarneja Decl., Exh. E, Jimenez Depo., 45:23-46:4. |
| 68.     Jimenez observed McEntire run after Rodriguez as he drove out of Bolthouse Farms, but she never got close to him. | 68.     Tarneja Decl., Exh. E, Jimenez Depo., 54:21-55:23. |
| 69.     Jimenez did not see anyone in front of the parking lot driveway as Rodriguez drove out of it. | 69.     Tarneja Decl., Exh. E, Jimenez Depo., 51:7-12. |
| 70.     Jimenez did not make eye contact with Rodriguez, and she did not say anything to him. | 70.     Tarneja Decl., Exh. E, Jimenez Depo., 46:7-14. |
| 71.     Jimenez does not know which direction Rodriguez was looking when he drove out of the parking lot. | 71.     Tarneja Decl., Exh. E, Jimenez Depo., 68:3-20. |
| 72.     Rodriguez continued driving on East Brundage Lane. | 72.     Tarneja Decl., Exh. C, Rodriguez Depo., 102:15-22; Tarneja Decl., Exh. E, Jimenez Depo., 49:22-24. |
| 73.     Rodriguez drove about a mile away, pulled over to secure the Truck to the tow truck. | 73.     Tarneja Decl., Exh. C, Rodriguez Depo., 102:19-103:1; Scroggins Decl., Exh. C, Notice of Taking Possession of Motor Vehicle. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 74. Rodriguez called the Kern County Sheriff's office no more than 15 minutes after the repossession. | 74. Tarneja Decl., Exh. C, Rodriguez Depo., 105:15-21. |
| **Plaintiff Learns That The Truck Has Been Towed Away, But He Does Not Actually Observe It Happen.** | |
| 75. Around 9:30 p.m., a Bolthouse employee went to Plaintiff's work area and told him that someone had taken off with the Truck. | 75. Tarneja Decl., Exh. A, Brooks Depo., 54:14-55:6. |
| 76. Plaintiff did not actually observe the Truck get towed away. | 76. Tarneja Decl., Exh. A, Brooks Depo. 54:11-13. |
| 77. Plaintiff went out to the parking lot immediately after hearing that the Truck had been towed. | 77. Tarneja Decl., Exh. A, Brooks Depo., 55:11-25. |
| 78. Plaintiff does not know what time the Truck actually got towed. | 78. Tarneja Decl., Exh. A, Brooks Depo., 56:1-4. |
| 79. Immediately after Plaintiff noticed that the Truck was gone, he went to the guard shack to tell them that the Truck had been towed. | 79. Tarneja Decl., Exh. A, Brooks Depo., 56:20-23. |
| 80. A security guard told Plaintiff that the tow truck came in through the same open gate that Plaintiff used to enter the parking lot. | 80. Tarneja Decl., Exh. A, Brooks Depo., 58:5-16. |
| 81. After learning that the Truck had been towed by an unidentified | 81. Tarneja Decl., Exh. A, Brooks Depo., 109:20-110:17. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| person, Plaintiff told the security guard that he was going to call 911. | |
| 82.    Plaintiff did not call 911 while he was at the guard shack. | 82.    Tarneja Decl., Exh. A, Brooks Depo., 110:3-14. |
| 83.    After the security guard told him that the Truck had been towed, Plaintiff did not think about it being repossessed, despite missing four loan payments and Gateway's notice that it would repossess the Truck. | 83.    Tarneja Decl., Exh. A, Brooks Depo., 62:4-21. |
| **Plaintiff Searches For The Truck, Calls 911, And He Still Does Not Realize That The Truck Has Been Repossessed.** | |
| 84.    After speaking with the guards at the security shack, Plaintiff's coworker, Robert Gilstrap ("Gilstrap"), drove up to the shack in a golf cart to find out what had happened. | 84.    Tarneja Decl., Exh. A, Brooks Depo., 68:17-25. |
| 85.    Plaintiff got in Gilstrap's golf cart, and they drove around Bolthouse trying to locate the Truck. | 85.    Tarneja Decl., Exh. A, Brooks Depo., 71:2-13. |
| 86.    They went searching for the truck around 9:45 p.m. | 86.    Tarneja Decl., Exh. A, Brooks Depo., 72:20-73:1. |
| 87.    After failing to find the Truck in the golf cart, they got in Gilstrap's car and searched for the Truck off | 87.    Tarneja Decl., Exh. A, Brooks Depo., 70:16-19. |

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| Bolthouse's property. | |
| 88.    While Plaintiff and Gilstrap searched for the Truck, Plaintiff called 911. | 88.    Tarneja Decl., Exh. A, Brooks Depo., 123:5-8. |
| 89.    At about the same time that he called 911, they saw the Truck, and Plaintiff told the dispatcher that they found the Truck, and he hung up. | 89.    Tarneja Decl., Exh. A, Brooks Depo., 123:12-19. |
| 90.    Plaintiff told the dispatcher that the Truck had been repossessed. | 90.    Tarneja Decl., Exh. C, Rodriguez Depo., 112:4-10. |
| 91.    Up to that point, Plaintiff claims that did not know that the Truck was being repossessed. | 91.    Tarneja Decl., Exh. A, Brooks Depo., 123:20-23. |
| 92.    Despite claiming that he did not know that the Truck was being repossessed, he told the police to disregard because he saw it attached to the tow truck and stopped. | 92.    Tarneja Decl., Exh. A, Brooks Depo., 123:24-124:7. |
| 93.    Plaintiff never called the police again that night. | 93.    Tarneja Decl., Exh. A, Brooks Depo., 124:13-16. |
| **Defendant Calls In The Repossession To The Kern County Sheriff's Department, And Plaintiff Finds Defendant And The Truck.** | |
| 94.    At that time, Plaintiff found Rodriguez and the Truck, and pulled up next to him, causing Rodriguez to slam on his brakes. | 94.    Tarneja Decl., Exh. C, Rodriguez Depo., 106:8-13; Tarneja Decl., Exh. A, Brooks Depo., 75:10-20. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 95.   Rodriguez saw two men in the truck, and the driver yelled at him, "Hey, that's my truck!" | 95.   Tarneja Decl., Exh. C, Rodriguez Depo., 106:8-107:6. |
| 96.   Rodriguez pulled over and stopped. | 96.   Tarneja Decl., Exh. C, Rodriguez Depo., 106:8-107:6. |
| 97.   Rodriguez asked him for his name, and Gilstrap responded, "Jimmie Brooks." | 97.   Tarneja Decl., Exh. C, Rodriguez Depo., 106:8-107:6. |
| 98.   Rodriguez also noticed that the passenger in Gilstrap's car was on the phone, and then he got out of the car and approached Rodriguez and told him, "I'm Jimmie Brooks." | 98.   Tarneja Decl., Exh. C, Rodriguez Depo., 106:8-107:6. |
| 99.   Rodriguez heard Plaintiff tell Sheriff's Office that the Truck was being repossessed. | 99.   Tarneja Decl., Exh. C, Rodriguez Depo., 107:1-3. |
| 100.   Plaintiff asked Rodriguez where he intended to take the Truck, and Rodriguez explained that he was taking it somewhere locally, and that Plaintiff would need to contact his finance company to find out where the Truck would be located. | 100.   Tarneja Decl., Exh. A, Brooks Depo., 78:5-20. |
| **Rodriguez Allows Plaintiff To Remove His Personal Property From The Truck.** | |
| 101.   Plaintiff then asked permission | 101.   Tarneja Decl., Exh. C, Rodriguez |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT LEON'S QUALITY ADJUSTERS RESPONSES TO PLAINTIFF'S DOCUMENT DEMAND (SET ONE)

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| to take some of his personal property out of the Truck. | Depo., 107:4-11; Tarneja Decl., Exh. A, Brooks Depo., 79:16-22. |
| 102.   Rodriguez asked Plaintiff for the Truck's keys, and Plaintiff responded, "Sure. Sure thing." | 102.   Tarneja Decl., Exh. C, Rodriguez Depo., 107:7-18. |
| 103.   Once Plaintiff gave Rodriguez the keys, Rodriguez allowed Plaintiff to take his personal items out of the Truck. | 103.   Tarneja Decl., Exh. A, Brooks Depo., 86:17-19. |
| 104.   Even at this point, Plaintiff did not know that the Truck had been repossessed. | 104.   Tarneja Decl., Exh. A, Brooks Depo., 82:22-83:7. |
| 105.   Prior to meeting Plaintiff while he fully secured the Truck to the tow truck, Rodriguez saw a gun case inside the Truck. | 105.   Tarneja Decl., Exh. A, Brooks Depo., 83:20-21. |
| 106.   Before Plaintiff began taking his stuff out of the Truck, Rodriguez asked him if the gun case had a gun inside of it, and Plaintiff responded yes. | 106.   Tarneja Decl., Exh. C, Rodriguez Depo., 109:7-17. |
| 107.   Rodriguez feared for his safety, and he told Plaintiff not to use the gun on him. | 107.   Tarneja Decl., Exh. C, Rodriguez Depo., 109:7-23. |
| 108.   Plaintiff responded, "No. You're cool." | 108.   Tarneja Decl., Exh. C, Rodriguez Depo., 109:7-17. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 109.   After Plaintiff got the items that he wanted out of the Truck, Plaintiff thanked Rodriguez, shook hands with him and Gilstrap, and then he left. | 109.   Tarneja Decl., Exh. C, Rodriguez Depo., 111:13-25; Tarneja Decl., Exh. A, Brooks Depo., 131:3-9. |

### Rodriguez Never Used Or Threatened Force Against Plaintiff.

| | |
|---|---|
| 110.   At no time did Rodriguez use or threaten force or violence against Plaintiff. | 110.   Tarneja Decl., Exh. A, Brooks Depo., 129:11-12, 130:1-10; Tarneja Decl., Exh. C, Rodriguez Decl., 112:20-113:8. |
| 111.   Since Plaintiff did not observe Rodriguez connect the Truck, he has no knowledge whether Rodriguez used force to remove the Truck. | 111.   Tarneja Decl., Exh. A, Brooks Depo., 129:20-25. |

### Plaintiff Has Not Produced Any Video Surveillance Of The Truck Being Connected And Towed Away.

| | |
|---|---|
| 112.   Plaintiff testified that Bolthouse's security cameras captured the Truck repossession on video, and Bajwa, Allied Barton's account manager and head security officer for Bolthouse Farms, also saw a video of it. | 112.   Tarneja Decl., Exh. A, Brooks Depo., 99:24-100:2; Tarneja Decl., Exh. D, Bajwa Depo., 20:4-13. |
| 113.   Plaintiff saw a screen capture that depicted the Truck connected to the tow truck. | 113.   Tarneja Decl., Exh. A, Brooks Depo., 100:9-23. |
| 114.   Plaintiff has not produced the screen capture. | 114.   Tarneja Decl., ¶ 9. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 115.   Bolthouse failed to maintain the video, and Bajwa believes that after 11 days it would have been automatically deleted from Bolthouse's surveillance video system. | 115.   Tarneja Decl.,  Exh. D, Bajwa Depo, 62:12-19. |

**Plaintiff Anticipated That The Truck Would Be Repossessed, And He Attempts To Conceal The Location Of It.**

| | |
|---|---|
| 116.   Plaintiff denied that, during the timeframe that he missed his payments, he changed his parking habits in order to conceal the location of the Truck. | 116.   Tarneja Decl., Exh. A, Brooks Depo., 126:7-18. |
| 117.   Plaintiff testified that he always parked in front of his house. | 117.   Tarneja Decl., Exh. A, Brooks Depo., 127:3-6. |
| 118.   Plaintiff denied that he had knowledge of anyone ever coming to his house to repossess the Truck. | 118.   Tarneja Decl., Exh. A, Brooks Depo., 127:17-21. |
| 119.   On April 19, 2015, Rodriguez spoke to one of Plaintiff's neighbors, who informed him that the Truck had not parked in the driveway at Plaintiff's residence for the past three weeks. | 119.   Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl., Exh. C, Rodriguez Depo., 70:13-71:3. |
| 120.   On April 20, 2015, Rodriguez went to Plaintiff's residence and | 120.   Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl., Exh. C, |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| DEFENDANTS' STATEMENT OF UNDISPUTED FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| spoke to a woman, who said that no one with Plaintiff's name lived there. | Rodriguez Depo., 82:24-83:1. |
| 121.   On April 22, 2015, Leon's noted that it had received the Truck's geo-coordinates from April 21, 2015 at 7:15 p.m., which showed the Truck being located at Plaintiff's residence. | 121.   Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl., Exh. C, Rodriguez Depo., 85:10-86:11. |
| 122.   An employee at Leon's determined that the person who answered the door at Plaintiff's residence had been covering for him. | 122.   Scroggins Decl., Exh. B, Progress Report, p. 2; Tarneja Decl., Exh. C, Rodriguez Depo., 86:12-87:9. |
| **Leon's Never Engaged In Debt Collection.** | |
| 123.   Leon's has never been in the business of debt collection; it only repossesses vehicles. | 123.   Scroggins Decl., ¶ 7. |

DATED: July 1, 2016

CARY L. WOOD
ANKUR TARNEJA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Ankur Tarneja
Attorneys for Defendants LEON'S
QUALITY ADJUSTERS, INC., and
TONY RODRIGUEZ

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-1989-7390.1                                20
DEFENDANT LEON'S QUALITY ADJUSTERS RESPONSES TO PLAINTIFF'S DOCUMENT DEMAND (SET ONE)

## FEDERAL COURT PROOF OF SERVICE

Jimmie R. Brooks v. Leon's Quality Adjusters, Inc. - Case No. 1:15-CV-00965-JLT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 1, 2016, I served the following document(s):  **DEFENDANTS LEON'S QUALITY ADJUSTERS, INC. AND TONY STATEMENT OF UNDISPUTED FACTS**

The documents were served by the following means:

☒   (BY COURT'S CM/ECF SYSTEM)  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 1, 2016, at Los Angeles, California.

_____
MONIQUE TALAMANTE

4816-1989-7390.1

DEFENDANT LEON'S QUALITY ADJUSTERS RESPONSES TO PLAINTIFF'S DOCUMENT DEMAND (SET ONE)